T.C. Memo. 1998-390


UNITED STATES TAX COURT


MARIAN AND HALINA JANUSZEWSKI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18607-97.                    Filed November 3, 1998.


Marian Januszewski and Halina Januszewski, pro se.

<u>Joan Casali</u> and <u>Jody Tancer</u>, for respondent.


MEMORANDUM OPINION


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.  All section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' 1994 Federal income tax in the amount of $3,595 and an accuracy-related penalty under section 6662(a) in the amount of $719.

After concessions by the parties, the issues for decision are: (1) Whether petitioners are entitled to Schedule C deductions in excess of the amounts allowed by respondent, and (2) whether petitioners are liable for an accuracy-related penalty under section 6662(a).

Some of the facts have been stipulated and are so found. Petitioners resided in Brooklyn, New York, at the time their petition was filed.

During 1994, petitioner Marian Januszewski (petitioner) worked as a limousine driver for the Excel Limousine Corporation (Excel). Excel primarily served corporate clients in the Manhattan area in New York City. Petitioner worked for Excel as an independent contractor. Petitioner owned his own limousine, a Mercury Grand Marquis.

On Schedule C, Profit or Loss From Business, of their 1994 Federal income tax return, petitioners claimed expenses in the amount of $41,155 from petitioner's activity as a limousine driver. On their 1994 return, petitioners reported, among other things, taxable interest income in the amount of $98.

On October 16, 1996, petitioners filed a Form 1040X, Amended U.S. Individual Income Tax Return (amended return). Petitioners

stated the reason they filed the amended return was because their original "Schedule C was prepared so incompletely that [they] had to prepare [a] new Schedule C."  On a revised Schedule C submitted with their amended return, petitioners claimed expenses in the amount of $42,014 from petitioner's activity as a limousine driver.  On a revised Form 1040 also submitted with their amended return, petitioners reported taxable interest income in the amount of $375.

In the notice of deficiency, respondent disallowed $9,817 of the claimed $41,155 in Schedule C expenses from petitioner's activity as a limousine driver because petitioners failed to establish that the business expense shown on their return was paid or incurred or was ordinary and necessary to petitioner's business.  Respondent also increased petitioners' taxable interest income in the amount of $277, made computational adjustments to petitioners' self-employment tax and self-employment tax deduction, and imposed an accuracy-related penalty under section 6662(a).

Deductions are strictly a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must substantiate any deductions claimed.  Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Whether an expenditure is ordinary and necessary is a question of fact. Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

Section 274(d)(4) imposes stringent substantiation requirements for the deduction of certain listed property as defined under section 280F(d)(4), which includes a passenger automobile. However, section 280F(d)(5)(B) provides that the term "passenger automobile" does not include any vehicle used by the taxpayer directly in the trade or business of transporting persons or property for compensation or hire. Salami v. Commissioner, T.C. Memo. 1997-347. Because petitioners' claimed deductions are for petitioner's use of his Mercury Grand Marquis as a limousine for hire, section 274(d)(4) is not applicable.

Nevertheless, a taxpayer must keep sufficient records to establish the amount of the deductions. Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965). When a taxpayer fails to keep records but the Court is convinced that deductible expenditures were incurred, the Court "should make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making." Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). We cannot estimate deductible expenses, however, unless the taxpayer

presents evidence sufficient to provide some rational basis upon which estimates may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

At trial, the parties made their respective arguments and concessions based on amounts reported in the revised Schedule C which was submitted with petitioners' amended return. Thus, for clarity and convenience, we address petitioners' claimed deductions using the amounts reported in the revised Schedule C. Basically, this is a substantiation case.

We note that although Excel reimbursed petitioner for dues, radio, vouchers, tolls, and commissions, Excel nevertheless included these amounts in petitioner's weekly pay statement under "Gross Income". This is misleading and inaccurate because it gives the appearance that petitioner earned more in gross income than was the case.

The president of Excel testified that the income after reimbursements was $36,583.66. At trial, respondent conceded that Excel reimbursed petitioner $14,694.49 for dues, radio, vouchers, tolls, and commissions and that income after such reimbursements was $36,583.66. This is the amount which we find should have been reported as gross income on petitioners' Schedule C. Although the parties stipulated that the notice of deficiency allowed certain amounts for dues, radio, vouchers and commissions as deductions, these reimbursed amounts are not deductible as business expenses. Flower v. Commissioner, 61 T.C.

140, 152 (1973), affd. without published opinion 505 F.2d 1302 (5th Cir. 1974). The $15,533.00 petitioner reported as commissions and fees (which included dues, radio, vouchers, tolls, and commissions) was improperly claimed as a deduction by petitioners because $14,694.49 constituted a reimbursement and the record is silent with respect to the remaining $838.51 ($15,533.00 - $14,694.49).

Car and Truck Expenses

Petitioners reported car and truck expenses for gasoline in the amount of $7,680 on their amended return. Petitioner contends that during 1994 he traveled at least 51,279 miles for business purposes. Petitioner further contends that he averaged 10 miles per gallon of gasoline and that he paid at least $1.50 per gallon for gasoline. Thus, petitioner contends that he spent $7,680 on gasoline during 1994 (our calculation shows this amount to be $7,692). Respondent allowed petitioners expenses for gasoline in the amount of $6,187.

Based on this record, we conclude that petitioners are not entitled to car and truck expenses for gasoline in excess of the amount allowed by respondent. Notwithstanding petitioner's testimony that he paid $7,680 for gasoline in 1994, petitioners provided no documentary evidence to support petitioner's expenditures. Petitioners failed to offer any receipts, canceled checks, or credit card statements to support those expenditures. We have stated on many occasions that this Court is not bound to

accept petitioners' self-serving, unverified, and undocumented testimony. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Hradesky v. Commissioner, 65 T.C. 87 (1975).

## Depreciation

Petitioners reported depreciation expense for their vehicle in the amount of $2,865.20 on their amended return. Petitioner contends that he purchased his vehicle for $14,345 and that he determined the amount of his depreciation by using the 5-year straight-line depreciation method. Respondent reduced this amount by 15 percent because respondent contends that petitioners also used the vehicle for personal use. Thus, respondent allowed petitioners a depreciation deduction in the amount of $2,435 on the grounds that petitioners used the automobile 15 percent for personal use. Petitioners only had one automobile. Petitioner testified that he traveled 51,279 miles in his limousine business. At another point, he also stated that he had driven 60,000 miles. Dividing the 51,279 miles by the 60,000 miles results in the rounded-off figure of 85 percent. On this record, we agree with respondent that petitioner's use of his automobile for personal use was 15 percent. Respondent is sustained on this issue.

## Insurance

Petitioners reported an insurance expense deduction in the amount of $4,048 on their amended return. Respondent disallowed $328 of the claimed amount on the grounds that it represented a

premium refund. Thus, respondent allowed $3,721 in insurance expenses. The record supports respondent's position.

Repairs and Maintenance

Petitioners reported repairs and maintenance expenses in the amount of $6,987.80 on their amended return. However, petitioners submitted into evidence receipts, including newly discovered receipts for $703 and $243, which totaled $3,777.86. Respondent conceded this amount but reduced it by 15 percent because respondent contends this represents petitioners' personal use of the vehicle. Thus, respondent's position is that petitioner should be allowed repairs and maintenance expenses in the amount of $3,211.

With respect to the difference of $3,209.94 ($6,987.80 - $3,777.86), petitioners introduced into evidence a reconstructed summary sheet for service and parts from an auto repair service station in the amount of $3,210. After a review of this invoice, we are not satisfied that it is an accurate and credible document. We note that many of the items listed in the reconstructed summary sheet were also listed in other invoices which respondent had allowed previously. Petitioners failed to provide any reasonable explanation for the duplication. Further, petitioners failed to provide any receipts, canceled checks, or credit card statements to prove that those expenses listed in the summary sheet were incurred and paid. Accordingly, we find that

petitioners are entitled to deduct $3,211 for repairs and maintenance.

## Supplies

Petitioners reported a deduction for supplies in the amount of $810 on their amended return. Respondent disallowed the entire amount due to lack of substantiation. Petitioner contends that he spent $810 on floor mats, maps, signs, seat covers, jumper cables, headlamps, bulbs and fuses, tissues, paper towels, hair brushes, flashlights, tape recorder and tapes, and other replacement parts for his two-way radio and for other minor repairs. However, aside from petitioner's testimony, petitioners offered no documentary evidence to support their contention. Based on his testimony, we are satisfied that he incurred some expenses for supplies. Accordingly, we allow petitioners a deduction of $300 for supplies. Cohan v. Commissioner, 39 F.2d at 544.

## Taxes and Licenses

Petitioners reported taxes and licenses expenses in the amount of $840 on their amended return. Respondent conceded this amount at trial.

## Other Expenses

Petitioners reported other expenses in the total amount of $3,250 on their amended return. Specifically, petitioners claimed a deduction for tolls over the amounts reimbursed in the amount of $800, parking in the amount of $1,200, uniforms and

cleaners in the amount of $900, and car washes in the amount of $350. Respondent disallowed the $800 for tolls and half of the $1,200, or $600, for parking because respondent contends that they were reimbursed by Excel. However, respondent allowed $500 for uniforms and cleaners. The parties stipulated that petitioners are entitled to deduct the entire $350 for car washes.

On this record, we find that petitioners are not entitled to deduct expenses for tolls, parking, and uniforms and cleaners in excess of the amount allowed by respondent. In addition to failing to provide any receipts to evidence the expenditures for tolls and parking, we note that the president of Excel stated that Excel reimburses its drivers for all tolls. Further, petitioners failed to provide any receipts, canceled checks, or credit card statements to evidence the claimed expenditures for uniforms and cleaners in excess of those allowed by respondent.

Accuracy-related penalty

Finally, we must decide whether petitioners are liable for an accuracy-related penalty. Section 6662(a) imposes an accuracy-related penalty in the amount of 20 percent of the portion of an underpayment of tax attributable to negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence is any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Moreover, negligence is

the failure to exercise due care or the failure to do what a reasonable and prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Disregard includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs. No penalty will be imposed with respect to any portion of any underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. Sec. 6664(c).

On the basis of this record, we conclude that petitioners are liable for an accuracy-related penalty under section 6662(a). Petitioners claimed deductions for which they failed to maintain adequate records. Moreover, petitioners failed to provide any valid explanation or credible documentary evidence to support their entitlement to those deductions. In this regard, we find that petitioners' actions were not those of a reasonable and prudent person under the circumstances. Accordingly, we sustain respondent's determination on this issue.

We have considered all arguments made by petitioners and to the extent not discussed, we find them to be irrelevant or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.